IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60594
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN WAYNE HEACOCK,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CV-205
- - - - - - - - - -
April 16, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alvin Wayne Heacock, # 09734-042, appeals from the district court's order dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that Congress exceeded it authority to regulate commerce by enacting 18 U.S.C. § 1955. Heacock's claim is without merit. We have held that § 1955 is valid under the Commerce Clause. See United States v. Avarello, 592 F.2d 1339, 1345 (5th Cir. 1979).

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

For the first time in his reply brief, Heacock argues that § 1955 is unconstitutional in light of United States v. Lopez, 115 S. Ct. 1624, 1634 (1995), because § 1955 does not require a substantial effect on interstate commerce.  This court does not consider issues raised for the first time in a reply brief.  See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

For the first time on appeal, Heacock argues that his conviction under § 1955 must be vacated because a change in state law, which occurred between the time the offense was committed and the time of prosecution, legalized gambling and that counsel was ineffective for failing to object to the alleged change in state law.  We decline to review Heacock's arguments because there is no error that is clear and obvious.  See Highlands Ins. v. National Union Fire Ins., 27 F.3d 1027 (5th Cir. 1994) (applying the standard of United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995) to civil cases), cert. denied, 115 S. Ct. 903 (1995); see also Miss. Code Ann. § 97-33-1 (1979).

Heacock's motion for an expedited appeal and motion to strike appellee brief are DENIED.

AFFIRMED.